No. 1794.—SUCCESSION OF JAMES FORSYTH, Opposition to Executor's Tableau.

The declaration of the testator in his last will and testament are presumed to have been made with deliberation and reflection, and are entitled to due consideration, but they can not be permitted to outweigh his express acknowledgment in an authentic act.

APPEAL from the Second District Court of New Orleans. *Thomas, J.* W. O. Denégre, for appellant, C. Belcher, for appellee.

TALIAFERRO, J. This is a contest between two of the heirs of the deceased in relation to their distributive shares of the estate of their ancestor. James Forsyth died in March, 1866, leaving three heirs, Adelia Forsyth, widow of A. P. Simpson, Joseph Forsyth and Fanny Jones, a grand daughter, representing her deceased mother, Elizabeth Forsyth. The decedent left an olographic will, which was admitted to probate soon after his decease, and Mills Judson, named as executor, was duly qualified. The executor presented his final account and tableaux on the first of April, 1867, and by his plan of distribution, according to his conception of the purport of the will, he required Mrs. Simpson to collate the sum of $2100, $1600 of which being the value of certain property donated to her under an onerous title, and $500, a donation in money. The tableau was opposed by Mrs. Simpson, and her opposition was sustained, and an order was rendered for its amendment. From this judgment Fanny Jones, by her tutor, appealed.

On the twenty-ninth of July, 1840, the testator passed an act before a notary of the city of New Orleans wherein he declared " that for the consideration of fifteen hundred dollars, to him paid in ready money, the receipt whereof is hereby acknowledged and acquittance granted

therefor, he does by these presents grant, bargain, sell, etc., unto Mrs. Adelia Forsyth, wife of Andrew Pickens Simpson, of this city, a lot of ground, situated at the corner of Dryades and Clio streets."

In his will the testator enumerates the advances he had made to his children. To Joseph Forsyth he had given $8500, a sum equal to or beyond his distributive share, and stated that this heir could expect nothing from his estate; to W. A. Jones he had given a negro woman of the value of $700; to Mrs. Simpson he had given a lot of ground, at the corner of Dryades and Clio streets, of the value of $1600; also, that he had given her a check on New York, just before she was married, to be sent to A. P. Simpson, her intended; to buy furniture, and that he gave her in September, 1857, $1000, for which she gave her note with eight per cent. interest, the amount, at the end of seven years and a half, being $3700.

Mrs. Simpson filed her opposition to the tableau, and specially opposed that item by which she was required to collate the sum of $2100, and alleged that she had never received anything from her father in advance of her share by checks, money or lot of ground. She averred that the lot of ground was purchased from her father by Simpson, her husband, and paid for by him.

The note was placed upon the inventory and specified in these words: "One note of Mrs. A. P. Simpson, dated the nineteenth of September, 1857, renewable one, two and three years for $1000, with eight per cent. interest." The opponent filed in this court the plea of prescription of five and ten years and all other prescription applicable against any indebtedness to the succession.

The question before us is one of evidence. The opponent claims title to the lot of ground by the act of sale. This sale is not attacked under the provisions of article 2419 of the Civil Code, which provides that "the sales of immovable property or slaves made by parents to their children may be attacked by the forced heirs, as containing a donation in disguise, if the latter can prove that no price has been paid or that the price was below one-fourth of the real value of the immovable property or slaves sold at the time of the sale." This article is not invoked to show the sale to have been a simulation or donation in disguise, but the appellant claims the collation of the lot of ground for the reason, as she avers, that there was no price paid for it by the opponent, and relies chiefly upon the declarations of the testator himself, made in his act of last will, to establish the sale to have been a mere donation. The opponent contends that these declarations are not evidence against her, that they are to her prejudice as a forced heir, and were intended to reduce her *legitime* in the estate of the father. We are willing to concede that the declarations of the testator, made, as doubtless they were, with grave deliberation, are entitled to due consideration, but we are not prepared to go to the extent of permitting them to outweigh

his express acknowledgment in an authentic act that he had sold the property and received the price. The articles 1324 and 1326 of the Civil Code, as well as article 2419, already adverted to, seem to indicate the course to be pursued to set aside pretended acts of sale as being donations in disguise. The appellant should have resorted to the proof which these articles seem clearly to require in such cases. The sum of five hundred dollars given to Mrs. Simpson immediately preceding her marriage, to buy furniture, must be regarded as a marriage present, which, as it does not exceed the disposable portion, is not subject to collation. The opponent's plea of prescription it is not necessary to examine.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be affirmed with costs in both courts.